Rogers v. Joyce.

---

## ROGERS *vs.* JOYCE.

Where one, having intruded on the public highway, leased a part of the land for a term of years, on which the tenant erected a building, but afterwards, by order of the selectmen, removed it from the highway, part of which he again incumbered, within the term, as before ;—it was held that the removal of the building restored the land to the public, for their use, and terminated the privity between the lessor and lessee; and that the replacing of a building on part of the same land, and continuing it after the end of the term, did not restore any privity between them, nor give the lessor any right of action, his possession being already gone.

Whether the owner of land, over which a public highway passes, can be disseised of it, except at his election, *quære.*

THIS was a writ of entry in which the demandant counted on his own seisin within twenty years, and a disseisin by the tenant; and it was tried before *Preble J.* upon the general issue.

The demandant proved that in the year 1810, he took possession of a parcel of land adjoining the demanded premises, which are in a gully or ravine near the termination of the twelve-rod-road in *Brunswick*, by erecting a wharf and other improvements thereon ; professing also to claim the demanded premises ; and continued so to occupy and improve, until the year 1815 ; when one *Millea* placed a building upon the demanded premises, under

a lease from the demandant for five years, which he continued to occupy, paying rent to the demandant, till his death, which happened *Sept.* 15, 1818. Soon after his decease *Joyce,* the tenant, entered into possession of the building, under the administratrix of the estate of *Millea,* who continued to pay rent to the demandant till the five years were expired. About three months after the decease of *Millea,* his administratrix sold the building to the tenant.

In 1819, the tenant, by order of the selectmen of *Brunswick,* moved the building from the ground on which it was originally placed by *Millea,* to another part of the demanded premises; but erected a porch and platform on that part of the premises on which the building of *Millea* originally stood, and where they still continue.

The tenant proved that the whole of the demanded premises was situated in what is called the twelve-rod-road, and which was used as such by the public; though there was no proof of its original location or acceptance.

Upon this evidence the Judge instructed the jury that the title set up by both parties was merely possessory ;—that the possession of the demandant of a part of the premises being of an earlier date than that of the tenant, this gave the demandant a better right to that part, as against the tenant, than the tenant had; and as the tenant had not disclaimed any part of the premises, but had defended the whole, and did not show so good a title as the demandant to that part which was originally covered by the building of *Millea* ; they ought to find, as to this part, for the demandant. But they found for the tenant, for the whole land demanded, on the ground that it was all within the public highway. And for this cause the demandant moved that the verdict might be set aside.

*Fessenden* and *Deblois,* for the demandant.

The question between the parties, at the trial, was whether the claim of the demandant, or the tenant, to the possession of the whole premises, was the better founded. This question the

jury were bound to try, and thus they were charged by the Judge. But by determining that part of the demanded premises was a public highway, they have neglected to determine the issue joined, as they were bound by law to do.

The title of the demandant, though proved by possession only, was a perfect title against all wrong doers and trespassers : and an elder possession is to be preferred to one more recent. This point also was substantially in issue between the parties ; but the jury avoided it, and proceeded to settle the claim of the demandant, as between him and others not parties to the suit.

When a way is located over the land of a private person, the public acquire nothing but an easement. The fee remains in the owner, as before ; and he may still exercise all the rights of ownership consistent with the right of passage which is assumed by the public, and may claim every other use and profit which can be derived from the land. *Perley v. Chandler* 6 *Mass.* 454. *Commonwealth v. Peters* 2 *Mass.* 127. *Fairfield v. Williams & al.* 4 *Mass.* 427. *Tibbets v. Walker* 4 *Mass.* 595. *Stackpole v. Healey* 16 *Mass.* 33. *Robbins v. Boardman* 1 *Pick.* 122. *Cortelyou v. VanBrundt* 2 *Johns* 357. He may maintain an action to recover possession of land covered by a highway, if he be disseised of it. *Alden v. Murdock* 13 *Mass.* 256. And upon a discontinuance of the highway, the right to the exclusive occupancy of the soil reverts to the original owner.

As to that portion of the premises which was covered by the porch, the jury ought to have found for the demandant ; and the reason alleged why they did not, is unfounded in law, and is against the direction of the judge. The case finds no location of the road, no user for twenty years, and no other right authorizing the public to interfere. And if it did the tenant could not, in this form of action, avail himself of a title in another, under whom he did not claim.

*Orr*, for the tenant.

The demandant acquired no estate, by his possession of the land. The case finds that the land is part of a public highway, which he demised for the term of five years, in virtue of which

he claims a seisin as of an estate in fee simple. The general principle is not denied, as laid down by *Blackstone*, that an actual possession, adverse to the true owner, is construed to be a disseisin ; but while this is admitted, it must be taken with reference to the specific subjects to which it relates, and not be extended to a state of things which might not have occurred when that author wrote. Had he stated that the posssession of a part of a public highway gave a seisin in fee, either in fact or by fiction, this would have been precisely what is contended for on the other side ; but there is no such proposition to be found in any elementary treatise, nor is there any adjudicated case. The position, therefore, that a prior possession gives a better right, must be taken with the limitations by which it is restrained by other maxims of the common law.

If the demandant, as he alleges in his writ, had a seisin in fee, it must have been acquired by ousting the true owner of the land. But it is contended for him, that the tenant cannot avail himself of any defects in the demandant's seisin, as between him and the owner. This, in ordinary cases, is a valid objection ; but not in the present case ; unless the demandant was in truth a disseisor. Now disseisin is properly " where a man entereth into lands or " tenements where his entry is not congeable, and ousteth him who hath the freehold." *Lit. sec.* 279. *Co. Lit.* 277. 4 *Dane's Abr.* 16. None therefore are disseisors, but such as acquire a freehold estate against the owner; in which case not only is a right to the soil acquired, but a right to all the uses of it, as fully as if the disseisor were owner against all the world, the true owner only excepted. And hence, from all that can appear between him and a stranger to the title in a trial at law, he holds an estate in fee. He is said to acquire it by wrong, if he holds till he is protected by the statute of limitations ; but the truth is that to a certain extent he acquired it by right, being protected in the possession and uses, against any claim but that of the owner. If a descent be cast on his heir, the owner is put to his action. If by reason of his buildings or incumbrances placed upon the land, the owner be injured in his person or property in passing them, no action of the case lies against him for the damage. These are rights and

exemptions appertaining to such a disseisin as is known to the law.

The case of a mere intruder into a public highway is widely different. Where the disseisor, in the legal sense of that character, acquires *rights*, the intruder incurs liabilities. Where the one gains the quiet use of the land, free from all molestation, the other is exposed to an indictment for a nuisance, or action of the case, and his buildings are liable to be removed from their place by the hand of a stranger, without even the forms of law. *Rex v. Wilcox* 1 *Salk.* 458. *Arundel v. McCulloch* 10 *Mass.* 70. 3 *Bac. Abr.* 687. At common law he cannot even gain a right *from length of time*, by prescription ; for his possession can have no legal commencement. The original intruder, and his heirs, are equally liable. No right can be gained by disseisin, for the uses can never be lawfully enjoyed. *Fowler v. Sanders Cro. Jac.* 446. The argument drawn from priority of possession can avail nothing, for the title itself of the demandant is a mere fiction. And when the common law employs fiction it is always in support of an acknowledged *principle* of justice, and not in support of that which is totally unlawful.

It is undoubtedly true that ejectment lies for the owner of land over which a road is laid, against any one who takes possession of it. And if the present demandant owned the land, there could be no doubt of his right to recover. But there is no adjudged case which supports him in this action. A leading case on this subject is that of *Chester v. Alker & al.* 1 *Burr.* 133, which was ejectment against the occupant of part of a highway. The defence rested on the position that the action did not lie, because seisin of the premises could not be delivered upon a writ of possession; but the plaintiff prevailed because he was the undisputed owner, and held by an ancient title, and because he had a right to the seisin, subject to the public easement. The whole argument of the court goes on the ground that nothing short of an undoubted right would authorize a recovery in such a case. The case of *Alden v. Murdock* 13 *Mass.* 256, goes on the same ground ; the demandant having a fee simple estate in the land. Such also was the case of *Jackson ex. dem. Yates v. Hathaway* 15 *Johns* 447,

But if it were otherwise ; and if the demandant, by a fiction of law, acquired a seisin in fee by a disseisin of the true owner, or if it is not competent for the tenant to aver the contrary ; yet the possession of the demandant, and with it his constructive seisin, has been broken up and extinguished.

He had leased the ground for five years, but before the end of this term the shop erected by his tenant, being a nuisance, was abated, and the highway disencumbered. What then became of the seisin of the demandant ? His foothold was broken up by lawful means ; and it was not afterward in the power of any one to commit, against him, a trespass on the land thus vacated, because he had neither the possession nor right of possession remaining. Now every disseisin is a trespass, although every trespass is not a dissesin; *Co. Lit.* 153 ; and if this maxim of law admits of some exceptions in a comparison of titles, it admits of none in favor of a mere intruder on a public easement. It does not appear that the tenant quitted the land of his own choice. He yielded to the command of the selectmen of *Brunswick.* The command was lawful, and obedience a duty ; and had the demandant immediately again incumbered the land, again it might in like manner have been disencumbered. Hence he was defeated of all right, and color of right, as effectually as if he or his tenant had been turned out by the owner of the land. For in case of an actual disseisin, it is immaterial whether the trustee, or *cestui que trust*, principal, or agent, clear the premises; they are effectualy restored, and the owner of the land holds it, subject to the use, as before.

It is not contended that the re-entry of the tenant, after his removal, gave him any right to the land ; for both he and the demandant were equally in fault. But it is enough that by such act he did not deprive the demandant of any legal right whatever.

Besides, if the principles contended for in support of the action were sustained, the consequence would be that *Rogers* might maintain an action for mesne profits, as well as the present action; and yet these recoveries would be no bar to an action of trespass against *Joyce*, by the true owner, who is neither party nor privy to the present controversy.

MELLEN C. J. delivered the opinion of the Court.

By the report of the Judge who presided in the trial of this cause it appears that the demanded premises are a part of a public highway in the town of *Brunswick* ; and that the legal title to the same is not in either of the parties. The demandant rests his right to recover, upon his possessory title merely. The jury returned their verdict in favor of the tenant ; and the question is whether it ought to be set aside for any of the reasons stated in the motion filed by the demandant. The authorities cited by the counsel for the tenant seem to establish a distinction between an exclusive possession of a piece of land, belonging to an individual who has a right to the absolute controul of it ; and one which though belonging to an individual, is subject to a public easement, as in the case before us. But we do not mean to decide the cause upon the ground, that the possession of the demandant, while it continued, was not a seisin, of the kind alleged in the writ ; because the facts do not require us to decide this point. The only possession of the piece of land demanded which *Rogers* ever had, was by means of the building which *Millea* placed on it under his permission and lease in 1825. *Millea*, the lessee for five years, died in *September* 1818, having paid rent in the mean time to *Rogers*. In *October* following, the tenant entered into the building under *Millea*'s administratrix, who accounted for the rent to *Rogers*. About two months after this *Joyce* purchased the building ; and in 1819 the selectmen of the town ordered the removal of the building from off the highway ; and *Joyce* accordingly submitted to their order and removed it ; and the highway which had for some years been thus incumbered with a public nui-sance, was again opened and became, in this place, unobstructed. This act of removal, in which every citizen had an interest, and to effect which, had a legal right, dissolved the connection and privity betwen *Rogers* and *Millea*, and *Joyce* claiming under him, and the administratrix on his estate, and completely terminated the possession of *Rogers* as to the demanded premises on which the building stood. The land was thus restored again, to the public, for their use. It is true that soon after, *Joyce* erected a porch

and laid a platform on the ground, which had before been covered by *Millea's* building ; but this act was no injury to *Rogers* or his rights ; for he had lost all the possessory right he ever had ; the act was an encroachment on the public highway, and a violation of the rights of the public; in other words the building of the porch and laying down of the platform, instead of being a continuance of a legal possession on the part of *Rogers,* was an illegal intrusion on the part of *Joyce,* not into private property, but public ; it was no more nor less than a common nuisance ; and from such a wrongful act, we are all satisfied, that there cannot result any proof of the alleged seisin on the part of the demandant. The opinion of the whole court, therefore, is that notwithstanding the instructions which were given to the jury by the presiding judge, there is no ground for granting a new trial.